ROBERT, PLAINTIFF AND RESPONDENT, *v.* AMILL, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1283.—Decided July 8, 1915.

ANSWER—COUNTERCLAIM—DISCRETION OF COURT—DEFAULT.—A judge has discretional power to allow the plaintiff to file an answer to the counterclaim at the trial, especially when, as in the case at bar, default had not been entered.

PROMISSORY NOTE—EVIDENCE.—In the present case the question ·was reduced to whether a certain sum of money was paid on account of the debt evidenced by the promissory note on which the action was brought or for some other purpose, and the judge having decided that the payments were not made on account of the debt sued for but for a different reason, it was held that the defendant was not entitled to recover the balance which he claimed was due him as excess payment on the debt.

The facts are stated in the opinion.

*Mr. Esteban Ramírez* for the appellant.

*Mr. José Sabater* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

Adolfo Robert Strike brought an action in the Municipal Court of Mayagüez to recover from Antonio Amill Negroni the sum of $285.16, which indebtedness was evidenced by a promissory note. The municipal court held that the action had prescribed and the case was appealed ·to the District

Court of Mayagüez, which reversed the decision of the lower court and allowed the defendant time within which to answer the complaint.

In his answer the defendant admitted the allegations of the complaint except that the debt sued for had not been paid, alleging, on the contrary, that it had been paid in full. He also filed a counterclaim in which he alleged that he had made various payments amounting to $600 to the plaintiff in discharge of the said indebtedness and that the plaintiff should refund him the balance of $314.84.

The judgment of the district court, from which defendant took the present appeal, sustained the complaint and dismissed the counterclaim.

The appellant contends only that the lower court erred in dismissing his counterclaim, for the following reasons: (1) Because the court allowed the plaintiff to file an answer to the counterclaim at the beginning of the trial when the defendant had already made a motion that the plaintiff be adjudged in default for failure to answer the counterclaim; (2) because it admitted as true certain facts which the plaintiff did not allege in his answer to the counterclaim and based thereon its judgment dismissing the appellant's counterclaim.

As to the first ground of appeal, it is sufficient to say that the judge had discretional power to admit the plaintiff's answer to the defendant's counterclaim and, therefore, did not commit the error assigned, especially in view of the fact that the default was not entered and that at the beginning of the trial the defendant filed an amended answer and counterclaim for the purpose of verifying the same, as the complaint was verified. *The Juncos Central Company* v. *Rodríguez,* 16 P. R. R., 286.

The second ground of appeal requires a little more consideration.

The defendant had acknowledged the debt sued for, but alleged that he had paid it. The plaintiff denied in his testimony that he had received any payment on account of the

debt sued for and when the defendant testified that he had paid him various sums amounting to $600 on account of the amount due on the promissory note, the plaintiff testified that although he had received such sums, they were not paid on account of the indebtedness but for another purpose, which was that of sustaining the defendant's position in a corporation of which he was the president.

Consequently, the question was reduced to whether the said $600 was paid on account of the debt secured by the note or for some other purpose, and the judge decided the conflict by holding that the payments were not made on account of the debt sued for, but with a different object and, therefore, that the defendant was not entitled to recover the balance which he claimed was due him as excess payment on the debt.

We see no reason for reversing the judgment and it should be

*Affirmed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.